UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PEDRO CARMEN GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>GRETA STERLING FRIEDMAN, et al.,<br><br>Defendants. | CAUSE NO. 3:19-CV-851-RLM-MGG |

OPINION AND ORDER

Pedro Carmen Gomez, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Gomez's complaint alleges that, on April 21, 2017, Judge Friedman sentenced him to a term of incarceration longer than the maximum statutory sentence and that Attorney Jones, Officer Watson, and Officer Bortz violated his right to procedural due process by coercing him to accept a plea agreement. "[T]o recover

damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Mr. Gomez asserts that he is entitled money damages based on allegations that would necessarily invalidate his conviction and sentence, but there is no indication that his conviction or sentence have been declared invalid by some other legal process. The electronic docket for the underlying criminal case indicates that the conviction and sentence remain valid. State v. Gomez, 46D04-1606-F6-497, available at https://public.courts.in.gov/ mycase/. Therefore, he may not proceed on this complaint. For the same reason, giving Mr. Gomez a chance to amend the complaint would be futile, so he can't proceed with this case. See Carpenter v. PNC Bank, Nat. Ass'n, 633 Fed. Appx. 346, 348 (7th Cir. 2016); Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009).

    For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted.

    SO ORDERED on January 27, 2021

    s/ Robert L. Miller, Jr.
    JUDGE
    UNITED STATES DISTRICT COURT